IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JORGE PANIAGUA-TOVAR,

Defendant.

Case No. 3:14-cr-00019-MA

OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
District of Oregon
GREGORY R. NYHUS
Assistant United States Attorney
1000 S.W. Third Ave. Suite 600
Portland, OR 97204-2902

Attorneys for Plaintiff

C. RENEE MANES
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

Attorney for Defendant

MARSH, Judge

Currently before me is defendant Jorge Paniagua-Tovar's Motion to Dismiss the Indictment for Pre-Indictment Delay (#9). Defendant contends that the Indictment charging him with a single count of

1 - OPINION AND ORDER

Illegal Reentry should be dismissed because it was not filed within 30 days as required under the Speedy Trial Act, 18 U.S.C. § 3161(b). The government filed a written response to the motion, and defendant filed a reply. The Court heard oral argument and took evidence from government witness Randy Roberts on January 29, 2014, and this matter is ready for resolution. For the reasons that follow, defendant's motion is denied.

## DISCUSSION

### I. Background

Based upon the record, I make the following findings. On November 1, 2013, plaintiff was arrested on state charges of Identity Theft and Criminal Possession of a Forged Instrument in the First Degree, O.R.S. §§ 165.800, 165.022. On November 2, 2013, an agent of the Bureau of Immigration Customs and Enforcement (ICE) located defendant in Washington County jail and lodged a civil immigration detainer. On November 15, 2013, defendant was formally charged by information on the state charges. On November 19, 2013, defendant pleaded guilty to the Identity Theft charge, and the state dismissed the remaining count. On December 19, 2013, defendant was sentenced to probation.

On December 23, 2013, defendant was arrested by ICE on civil administrative immigration charges, and ICE referred his case to Assistant United States Attorney Gregory R. Nyhus for possible criminal prosecution. On January 13, 2014, defendant was indicted

2 - OPINION AND ORDER

by a grand jury on the instant federal offense, Illegal Reentry, 8 U.S.C. § 1326(a). On January 16, 2014, defendant was arrested on the instant offense and arraigned before Magistrate Judge Paul Papak. On January 20, 2014, defendant filed the current Motion to Dismiss the Indictment for Pre-Indictment Delay.

II. **Analysis**

The Speedy Trial Act requires federal authorities to indict and bring to trial incarcerated individuals within rigidly specified time periods. At issue in this case is the requirement that a detained individual be indicted within thirty days of his arrest:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b). If a violation occurs, the Act mandates dismissal:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1).

Defendant argues that the indictment filed against him on January 13, 2014 must be dismissed because he was in *de facto* federal criminal custody on November 2, 2013. Defendant contends that after he spoke with ICE officials on November 2, 2013, ICE had

3 - OPINION AND ORDER

all of the necessary information to criminally charge him, and that the ICE detainer was lodged for the purpose of pursuing criminal charges, necessarily triggering the 30-day clock. Defendant also alleges that the his ICE "administrative" custody was used as a ruse to avoid the Speedy Trial Act protections. Defendant's arguments are meritless.

Under the Speedy Trial Act, the 30-day requirement applies to an indictment issued in connection with the offense for which the defendant was arrested. 18 U.S.C. § 3161(b). "Offense" is further defined as "any *Federal criminal* offense." 18 U.S.C. § 3172(2)(emphasis added); United States v. Cepeda-Luna, 989 F.2d 353, 356 (9th Cir. 1993); see also United States v. Benitez, 34 F.3d 1489, 1493 (9th Cir. 1994)(holding that only a federal arrest on federal charges triggers the running of the 30-day Speedy Trial Act clock). In this case, defendant's November 1 arrest was not federal because he was held for violating *state* laws.

Defendant's contention that his location by ICE and lodging of the detainer on November 2, 2013, were akin to a federal arrest has been soundly rejected by the Ninth Circuit and is undermined by the facts. As the Cepeda-Luna court made clear, the Speedy Trial Act is not triggered by civil proceedings. Cepeda-Luna, 989 F.2d at 356. In Cepeda-Luna, the Ninth Circuit held that ICE agents may detain and arrest persons on civil deportation charges without triggering the 30-day clock. Cepeda-Luna, 989 F.2d at 355-56.

As Officer Roberts testified, defendant was located in Washington County jail and an interview was conducted to assess defendant's immigration status, which resulted in the lodging of a civil immigration detainer. Roberts also testified that it was not until after he received and reviewed defendant's A-file and completed fingerprint analysis on December 23 that he referred defendant's case for possible criminal prosecution. Therefore, I conclude that ICE detainer lodged on November 2 was civil in nature and did not trigger the 30-day clock.

Moreover, the fact that federal ICE officials may have some role in defendant's detention is insufficient to trigger the Speedy Trial Act. Cepeda-Luna, 989 F.2d at 356. To be sure, the Ninth Circuit repeatedly has recognized that participation and involvement by federal authorities in the arrest of a defendant does not trigger the Speedy Trial Act. See also Benitez, 34 F.3d at 1493-94 ("the fact that federal authorities actively participate in an investigation does not mandate the application of the Speedy Trial Act")(collecting cases).

Lastly, as defendant's counsel acknowledged at the hearing, there is no evidence whatsoever that his administrative arrest on December 23 was a "ruse." Defendant's counsel admitted she had no evidence of collusion between federal prosecutors and state or county prosecutors to avert the requirements of the Speedy Trial Act. Cepeda-Luna, 989 F.2d at 357. On the contrary, the record

before me shows that defendant was held in county jail, prosecuted on state charges in due course, arrested by ICE on civil immigration charges, and arrested and arraigned on the current federal criminal indictment in a timely fashion.

Accordingly, I conclude that the 30-day Speedy Trial Act began when defendant was arrested on federal criminal charges on January 16, 2014 and that because defendant was arraigned that same day, the requirements of § 3161(b) were met and no Speedy Trial Act violation occurred.

The remaining issues raised by defendant in his Motion to Dismiss are denied as moot.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss for Pre-Indictment Delay (#9) is DENIED.

IT IS SO ORDERED.

DATED this **30** day of JANUARY, 2014.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge